IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION



FILED

JUN 1 6 2004

US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | | |
|---|---|---|
| ROBERT DAVID TAYLOR, | ) | Civil Action No. 5:04-CV-404-FL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PETITION/NOTICE OF REMOVAL |
| | ) | |
| ANTHONY BERNARD DANIELS AND | ) | |
| WERNER ENTERPRISES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants, Anthony Bernard Daniels and Werner Enterprises, Inc., by and through the undersigned counsel, file this Petition/Notice of Removal pursuant to 28 U.S.C. § 1441 for the removal of the above entitled action which was commenced in the General Court of Justice, Superior Court Division, Wake County, North Carolina, and respectfully shows unto the Court:

1.     The above-entitled action was instituted by the plaintiff by the filing of a Summons and Complaint on May 25, 2004. This action is now pending in the General Court of Justice, Superior Court Division, Wake County, North Carolina, Civil Action No. 04 CVS 7203.

2.     As alleged in the Complaint, plaintiff Robert David Taylor is a citizen and resident of the State of North Carolina, Wake County.

3.     As alleged in the Complaint, defendant Werner Enterprises, Inc. is a corporation organized and existing under the laws of the State of Nebraska with a principal place of business in Omaha, Nebraska.

4.     As alleged in the Complaint, defendant Anthony Bernard Daniels is a citizen and resident of Riverdale, Georgia.

5.      This action is of a civil nature and involves a controversy with complete diversity of citizenship and, upon information and belief, the amount in controversy exceeds Seventy-Five and 00/100 ($75,000.00) Dollars, exclusive of interest and costs.  Therefore, this action is one over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C § 1332(1).

6.      That filed herewith is a copy of all process, pleadings and orders served upon defendants in this action.

7.      That the Clerk of Superior Court, Wake County, North Carolina, has been provided a copy of this Petition/Notice of Removal without attachments.

WHEREFORE, defendants pray that this Court assume jurisdiction of the above-entitled action and make such other and further orders as may be justified.

This the 16 day of June 2004.

YOUNG MOORE AND HENDERSON, P.A.

By: _____
David M. Duke
State Bar No. 12388
Attorneys for Defendants
3101 Glenwood Avenue, Suite 200
Post Office Box 31627
Raleigh, North Carolina  27622
(919) 782-6860

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing document upon the attorney(s) shown below by depositing a copy of same in the United States mail, postage prepaid, addressed to said attorney(s).

This the _16_ day of June 2004.

YOUNG MOORE AND HENDERSON, P.A.

By: _____
David M. Duke
Attorneys for Defendants
3101 Glenwood Avenue, Suite 200
Post Office Box 31627
Raleigh, North Carolina 27622
(919) 782-6860

Served on:

Charles T. Francis, Esq.
Francis & Austin, PLLC
Two Hannover Square
434 Fayetteville Street Mall
Suite 2300
P. O. Box 164
Raleigh, NC 27602
(919) 828-0801
*Counsel for Plaintiff*

547525/950196-002

NORTH CAROLINA

WAKE COUNTY

F I L E IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
200. JUN 10 PM 4: 21   FILE NO.: 04 CVS 7203
WAKE COUNTY, C.S.C.

BY

ROBERT DAVID TAYLOR,

    Plaintiff,

    vs.

ANTHONY BERNARD DANIELS
and WERNER ENTERPRISES, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

**VERIFICATION**

ROBERT DAVID TAYLOR, being first duly sworn, deposes and says:

1.    That I am Robert David Taylor, that I am over the age of eighteen (18) and that I am competent to give this Affidavit.

2.    That I am the Plaintiff in the above-captioned civil action.

3.    That I have reviewed the allegations of the Complaint in the above-captioned civil action and find the same to be true to the best of my knowledge and belief.

This the ____9th____ day of ____June____, 2004.

_____
Robert David Taylor

Sworn to and subscribed before me
this the 9th day of ____June____, 2004.

_____
Notary Public
My Commission Expires: 3/25/2007

## CERTIFICATE OF SERVICE

I, Charles T. Francis, attorney for the Plaintiff, certify that I served the foregoing document upon the following party(ies), and in the manner below specified, by depositing a copy of thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office:

David M. Duke, Esq.
Young, Moore and Henderson, P.A.
Post Office Box 31627
Raleigh, North Carolina 27622

This the 10 day of June, 2004.

FRANCIS & AUSTIN, PLLC
Attorneys for Plaintiff
Post Office Box 164
Raleigh, North Carolina 27602
Telephone No.: (919) 828-0801

By:_____
Charles T. Francis

# STATE OF NORTH CAROLINA

_____Wake___ County

File No.

. In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
| --- | --- |
| Robert David Taylor | |
| **Address** | |
| | |
| **City, State, Zip** | |

## CIVIL SUMMONS

☐ **ALIAS AND PLURIES SUMMONS**

G.S. 1A-1, Rules 3, 4

| **VERSUS** | |
| --- | --- |
| Name Of Defendant(s) | Date Original Summons Issued |
| Anthony Bernard Daniels and Werner Enterprises, Inc. | |
| | Date(s) Subsequent Summons(es) Issued |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| Werner Enterprises, Inc.<br>c/o Carol Howard, Commissioner<br>North Carolina Department of Motor Vehicles<br>1100 New Bern Avenue<br>Raleigh, North Carolina 27697 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time *3/3* ☐ AM ☒ PM |
| --- | --- | --- |
| Charles T. Francis, Esq., Francis & Austin, PLLC, Post Office Box 164, Raleigh, North Carolina 27602 | MAY 2 5 200 | |
| | Signature | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
| --- | --- | --- |
| | Signature | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** _Many counties have_ **MANDATORY ARBITRATION** _programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

Case 5:04-cv-00404-FL   Document 1   Filed 06/16/04   Page 6 of 14

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.:_____

ROBERT DAVID TAYLOR,        )
                            )
    Plaintiff,              )
                            )
    vs.                     )
                            )
ANTHONY BERNARD DANIELS     )
and WERNER ENTERPRISES, INC.,  )
                            )
    Defendant.              )
_____)

**COMPLAINT**

KKE MAY 2 8 2004

Plaintiff, complaining of the acts of the Defendants, alleges and states that:

1.    Plaintiff Robert David Taylor is a citizen and resident of Wake County, North Carolina.

2.    Upon information and belief, Defendant Anthony Bernard Daniels ("Defendant Daniels") is a citizen and resident of Riverdale, Georgia, is over the age of eighteen and is otherwise competent.

3.    Upon information and belief, Defendant Werner Enterprises, Inc. ("Defendant Werner Enterprises") is a corporation organized and existing in good standing under the laws of the State of Nebraska with its principal place of business in Omaha, Nebraska.

4.    As alleged herein, on 13 February 2004, Defendant Daniels caused a motor vehicle accident with Plaintiff in Wake County, North Carolina, while driving a vehicle owned by Defendant Werner Enterprises and while acting within the course and scope of his employment with Defendant Werner Enterprises, thereby subjecting both Defendants to personal jurisdiction in North Carolina and venue in Wake County.

5. Pursuant to N.C. Gen. Stat. § 1-105, by operating a motor vehicle on the public highways of North Carolina, Defendants have appointed the North Carolina Commissioner of Motor Vehicles as their agent, or true and lawful attorney, for service of all summonses or other lawful process in any action or proceeding against them growing out of any accident or collision by reason of the operation by them, for them, or under their control or direction, express or implied, of a motor vehicle on such public highways of North Carolina.

6. This Court has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. §§ 1-75.4 and 1-105.

7. This Court has subject matter jurisdiction in this action pursuant to N.C. Gen. Stat. §§ 7A-240 and 7A-243.

## FIRST CLAIM FOR RELIEF
(Defendant Daniels - Negligence; Willful and Wanton Conduct)

8. The allegations contained in paragraphs 1 through 7 are re-alleged and incorporated by reference as if fully set forth herein.

9. At approximately 12:35 a.m. on 13 February 2004, Plaintiff was driving a 1996 Saturn vehicle northbound on RP 1005 in Raleigh, Wake County, North Carolina.

10. At approximately 12:35 a.m. on 13 February 2004, Defendant Daniels was driving a commercial motor vehicle on RP 3271.

11. RP 1005 and RP 3271 intersect. RP 1005 is the dominant, or main-traveled or through-highway at this intersection. RP 3271 is the servient road. Vehicles entering the intersection with RP 1005 from RP 3271 must stop at a stop sign properly erected by the Department of Transportation and/or the local authorities of the City of Raleigh.

2

12.     At the intersection of RP 1005 and RP 3271, Plaintiff's vehicle did not face a stop sign or stoplight, had the right of way, and properly entered the intersection traveling northbound on RP 1005.

13.     Defendant Daniels' vehicle faced a stop sign at the intersection with RP 1005. Defendant Daniels' vehicle turned left from RP 3271 onto RP 1005 traveling southbound, failing to yield the right of way, and crossing directly into the path of Plaintiff's northbound vehicle, in violation of N.C. Gen. Stat. § 20-158.

14.     Following this collision, Defendant Daniels failed to stop his vehicle at the scene of the collision, to render reasonable assistance to plaintiff, or to call for medical assistance for Plaintiff when he knew or should have known that his vehicle was involved in a collision resulting in injury or death, in violation of N.C. Gen. Stat. § 20-166.

15.     Rather than stopping at the scene of the collision, Defendant Daniels proceeded to deliver the cargo of his commercial vehicle to an area merchant approximately 2.5 miles from the scene of the collision, where he and his vehicle were located by a Raleigh police officer.

16.     Defendant Daniels has been charged with violations of N.C. Gen. Stat. § 20-166 ("hit and run") and N.C. Gen. Stat. § 20-154 ("failure to see before turning").

17.     Defendant Daniels was negligent and breached duties owed to Plaintiff in the following respects:

(a)     He failed to keep and maintain a reasonably careful and proper lookout;

(b)     He failed to keep his vehicle under reasonable and proper control;

(c)     He operated his vehicle in a careless and reckless manner, without due caution and circumspection;

3

(d)     He operated his vehicle in a careless and reckless manner in willful and wanton disregard of the rights and safety of others and without due caution and circumspection in violation of N.C. Gen. Stat. § 20-140, which conduct constitutes negligence within itself or negligence per se;

(e)     He failed to decrease his vehicle's speed in order to avoid a collision with Plaintiff's vehicle in violation of N.C. Gen. Stat. § 20-141(m), which conduct constitutes negligence within itself or negligence per se;

(f)     He failed to stop or to remain stopped in obedience to the stop sign facing his direction of travel on RP 3271, turned left from RP 3271 onto RP 1005 traveling southbound crossing directly into the path of Plaintiff's northbound vehicle, and failed to yield the right of way to Plaintiff's vehicle as it approached the intersection on the dominant street, RP 1005, in violation of N.C. Gen. Stat. § 20-158;

(g)     He failed to decrease the speed of his vehicle, failed to properly and timely apply the brakes of said vehicle, failed to stop said vehicle, turn said vehicle aside or otherwise exercise due care to avoid colliding with Plaintiff's vehicle, after the danger of said collision was discovered by him or in the exercise of due care should have been discovered by him, although he had the time and means to do so; and

(h)     He failed to stop his vehicle at the scene of the collision, to render reasonable assistance to Plaintiff, or to call for medical assistance for Plaintiff when he knew or should have known that his vehicle was involved in a collision resulting in injury or death, in violation of N.C. Gen. Stat. § 20-166, and this failure to stop and render aid

4

either exacerbated Plaintiff's injuries and/or resulted in unnecessary pain and suffering to Plaintiff, which conduct constitutes negligence within itself or negligence per se.

19.     At all relevant times, Plaintiff obeyed all traffic laws, maintained a proper lookout, and otherwise operated his vehicle in a safe and lawful manner with all proper care.

20.     Plaintiff suffered severe and painful injuries as a result of the collision caused by the negligence of Defendant Daniels.

21.     As a result of the collision and these injuries, Plaintiff has incurred, and will continue to incur, substantial expenses for medical care, attention, and treatment; has been disabled from performing his usual activities and occupational duties and has suffered, and will continue to suffer, loss of earnings; and has suffered losses resulting from the damage to his vehicle, the loss of its use, and other expenses.

21.     Defendant Daniels' negligence was the direct and proximate cause of the collision and the resulting severe and painful injuries to Plaintiff and other damages described in the foregoing paragraphs of this Complaint.   As a result, Plaintiff is entitled to recover from Defendant Daniels compensatory damages in an amount in excess of $10,000.00.

22.     The actions of Defendant Daniels were grossly negligent, reckless, and were done maliciously, evidencing his reckless indifference to the consequences of his actions, in that Defendant Daniels willfully and wantonly did what persons of reasonable intelligence would know to be contrary to their duty and which he knew or should have known would be prejudicial or injurious to Plaintiff.

5

23.    Because the actions of Defendant Daniels were grossly negligent, reckless, willful and wanton, and malicious, Plaintiff is entitled to recover punitive damages from Defendant Daniels in an amount in excess of $10,000.00.

## SECOND CLAIM FOR RELIEF
(Defendant Werner Enterprises Inc. – Vicarious Liability)

24.    The allegations contained in paragraphs 1 through 23 are re-alleged and incorporated by reference as if fully set forth herein.

25.    At the time Defendant Daniels committed the negligent, tortious, and wrongful acts alleged herein, he was an employee and agent of Defendant Werner Enterprises and was acting within the course and scope of his employment and agency with Defendant Werner Enterprises.

26.    As a result, Defendant Werner Enterprises is liable for the negligent and wrongful acts and omissions of Defendant Daniels, and the tortious conduct of Defendant Daniels is imputed to Defendant Werner Enterprises by the doctrine of *respondeat superior* or agency. Defendant Werner Enterprises is vicariously liable to Plaintiff for Defendant Daniels' negligence and wrongful conduct and the injuries and damages proximately caused thereby.

27.    Defendant Daniels and Defendant Werner Enterprises are liable to Plaintiff for compensatory damages in an amount in excess of $10,000.00.

## THIRD CLAIM FOR RELIEF
(Defendant Werner Enterprises Inc. – Imputed Negligence)

28.    The allegations contained in Paragraphs 1 through 27 are realleged and incorporated by reference as if fully set forth herein.

6

29.     At the time of the collision and injuries at issue, the vehicle driven by Defendant Daniels was owned by and registered in the name of Defendant Werner Enterprises. As such, Defendant Werner Enterprises had the legal right to exercise control over the vehicle driven by Defendant Daniels and its operation at all times relevant to the allegations of this Complaint.

30.     Defendant Werner Enterprises had given Defendant Daniels permission and consent to use the vehicle in the course and scope of his employment and agency with Defendant Werner Enterprises. Defendant Daniels was driving the vehicle with the knowledge, permission, consent and authorization of Defendant Werner Enterprises. As such, Defendant Daniels operated the vehicle as the agent or representative of Defendant Werner Enterprises.

31.     As a result, Defendant Daniels' negligence is imputed to the vehicle's owner, Defendant Werner Enterprises, and Defendant Werner Enterprises is vicariously liable to Plaintiff for Defendant Daniels' negligence and the injuries and damages proximately caused thereby.

32.     Defendant Daniels and Defendant Werner Enterprises are liable to Plaintiff for compensatory damages in an amount in excess of $10,000.00.

### PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff prays the Court that:

1.     He recover judgment against Defendants, jointly and severally, in an amount in excess of $10,000.00 for compensatory damages;

2.     He recover judgment against Defendant Daniels in an amount in excess of $10,000.00 for punitive damages;

3.    He recover interest as allowed by law on any judgment obtained against Defendants;

4.    He recover costs and expenses of this action, including reasonable attorney's fees as allowed by law, from Defendants;

5.    All issues be tried before a jury; and

6.    He recover any further relief that the Court deems appropriate.

This the **25** day of May, 2004.

FRANCIS & AUSTIN, PLLC

_____
Charles T. Francis
North Carolina State Bar No.: 16348
Attorneys for Plaintiff
Post Office Box 164
Raleigh, North Carolina 27602
Telephone: (919) 828-0801